**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

H&H PHARMACEUTICALS, LLC,

     Plaintiff-Appellant,

  v.

CHATTEM CHEMICALS, INC.; SUN
PHARMACEUTICALS INDUSTRIES,
INC.,

     Defendants-Appellees.

No.   23-16179

D.C. No.
2:16-cv-02148-GMN-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 10, 2024[**]
Las Vegas, Nevada

Before:  BEA, BENNETT, and MILLER, Circuit Judges.

    Plaintiff H&H Pharmaceuticals, LLC ("H&H") sued Chattem Chemicals, Inc.

("Chattem") and Sun Pharmaceuticals Industries, Inc. ("Defendants") for breach of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a "Settlement Agreement" entered into between H&H and Chattem.[1]  After H&H appealed the district court's grant of summary judgment in favor of Defendants, we "affirm[ed] in part, vacate[d] in part, and remand[ed] to the district court for further proceedings consistent with [the] memorandum." *H&H Pharms., LLC v. Chattem Chems., Inc.*, No. 23-15055, 2024 WL 1734134, at *1 (9th Cir. Apr. 23, 2024) ("*H&H I*").

Before we decided *H&H I*, the district court, on Defendants' motion, entered an order awarding Defendants $213,515.60 in attorneys' fees and $21,649.25 in costs.  H&H appealed.  Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's order and remand.

Section 28 of the Settlement Agreement provides:

> The parties agree that if suit is instituted alleging a breach of this [Settlement] Agreement, a breach of the NDA and/or a misappropriation of [H&H's] Trade Secrets that the prevailing party shall have its fees and expenses, including attorneys' fees, paid by the losing party.

In *H&H I*, we "agree[d] with the district court that H&H failed to present a triable issue of fact on the required element of damage to withstand summary judgment on

---

[1] H&H and Chattem initially entered into an agreement to commercialize H&H's confidential technology for the parties' mutual benefit.  The parties signed a non-disclosure agreement ("NDA") to guarantee that Chattem would maintain H&H's confidential technology in confidence.  The NDA became the subject of H&H's first lawsuit against Chattem in 2007.  The parties settled that lawsuit and signed the "Settlement Agreement."

its standalone contract claims against Chattem." *Id.* at *2. But we also held that the district court erred with respect to H&H's other claims because Nevada's Uniform Trade Secrets Act (UTSA), Nev. Rev. Stat. § 600A.090, "displaced H&H's common-law causes of action for tortious breach of the implied covenant of good faith and fair dealing, for breach of fiduciary duty, for constructive fraud, for fraudulent concealment, for fraudulent misrepresentation, for negligent misrepresentation, for negligence, for unjust enrichment, and for civil conspiracy." *Id.* "Given that the district court failed to recognize the displacing effect of the UTSA . . . , we vacate[d] the district court's judgment with respect to those causes of action and remand[ed] to the district court to determine, in the first instance, whether H&H has already adequately pled a statutory UTSA claim . . . and if not, whether H&H should be granted leave to replead such a claim." *Id.* We determined that each party in *H&H I* should bear its own costs on appeal. *Id.* at *3.

Because of our decision in *H&H I*, Defendants are no longer a "prevailing party" under the Settlement Agreement. *See Hopkins v. City of Sierra Vista*, 931 F.2d 524, 529 (9th Cir. 1991) ("Because we reverse and remand for further proceedings on the merits, there is no prevailing party and we must also reverse the district court's award of attorneys' fees."); *Spencer v. Klementi*, 466 P.3d 1241, 1249 (Nev. 2020) ("Because [respondents] are no longer prevailing parties on [appellant's] defamation claim, we vacate the awards of attorney fees in their

3

favor."). This is so even though we reversed only in part. *See, e.g.*, *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 925 (9th Cir. 2001).

Defendants argue that "if the judgment below is reversed in part as to claims *other than* the purported breach of the Settlement Agreement . . . [Defendants] are still entitled to their attorneys' fees and costs." This is not so. The "suit" contemplated by the Settlement Agreement encompasses not just the contractual claims, which we affirmed, but also any allegation of "a misappropriation of [H&H's] Trade Secrets," which we vacated and remanded. On remand, Defendants may end up as the prevailing party. But as of now, Defendants are no longer the prevailing party.[2]

**VACATED AND REMANDED.**

---

[2] The parties shall bear their own costs on appeal.